# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMAN AVILA CASTILLO,<br><br>    Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, *et al.,*<br><br>    Respondents. | Case No. 1:25-cv-01296 JLT SAB<br><br>ORDER DENYING WITHOUT PREJUDICE REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; REFERRING PETITION TO ASSIGNED MAGISTRATE JUDGE; ORDERINGCONDITIONAL STAY OF REMOVAL<br><br>(Doc. 2) |

   Osman David Avila Castillo is a 37-year-old citizen of Honduras who has been detained by the Department of Homeland Security since December 29, 2023. (Doc. 1, ¶ 50.) He has been deported previously several times, (*see* Doc. 1-5 at 8 ("I have been deported approximately four or five times between 2009 and 2013"), but returned to the United States in 2014. (Doc. 1-5 at 11; Doc. 1, ¶ 49.) He admits to having accrued "multiple criminal convictions" during the interim while living in San Francisco. (Doc. 1, ¶ 49.) At least one of those convictions appears to have been related to domestic violence, for which he served approximately one year in prison. (*See* Doc. 1-4 at 15–16.)

   On or about November 29, 2023, Mr. Avila Castillo was apprehended by immigration officials and issued a reinstated removal order. (Doc. 1, ¶ 83.) He has been detained ever since, initially at Golden State Annex, then at Mesa Verde Detention Center, and finally at California

1  City Detention Facility, (*id*., ¶ 84–85), all of which are located within this District.

2  On January 22, 2025, an Immigration Judge granted him relief from deportation to Honduras under the Convention Against Torture (CAT). (*Id*., ¶ 54.) In May 2025, a deportation officer gave Mr. Avila Castillo paperwork informing him that Immigration and Customs Enforcement intends to remove him to Mexico. (*Id*., ¶ 71.) He expressed fear of deportation to Mexico and requested a reasonable fear interview with an asylum officer on several occasions both directly and through counsel. (*Id*.) No such interview was conducted. Instead, on July 28, 2025, DHS conducted a "third country screening" interview without notice and without the presence of counsel. (*Id*., ¶ 72.) DHS eventually determined that Mr. Avila Castillo had not established "that it is more likely than not that [he] will be tortured in Mexico." (*Id*, ¶ 75.)

Meanwhile, pursuing a perceived procedural opportunity, (*see* Doc. 1, ¶¶ 78–80), Mr. Avila Castillo filed a motion to stay removal with the Ninth Circuit, which triggered an automatic, temporary stay of his removal pursuant to Ninth Circuit General Order 6.4[1]. (*Id*., ¶ 80.)

On October 1, 2025, Mr. Avila Castillo filed a habeas petition in this Court, seeking relief under 28 U.S.C. § 2241 on several grounds, and requesting release from custody and the imposition of procedural protections in relation to any third country removal. (*See generally* Doc. 1.) On that same day, he also filed a request for a temporary restraining order and preliminary injunction, in which he requests only that Respondents be ordered to refrain from deporting him to a third country unless and until he is afforded notice and a meaningful opportunity to present a fear-based claim to that country before a neutral adjudicator. (Doc. 2 at 26.)

The Court concludes that the requested injunctive relief is unwarranted because the Ninth Circuit's automatic, temporary stay already protects Mr. Avila Castillo from removal to a third country. (Doc. 1, ¶¶ 81–2.) Instead, the Court will refer this matter to the assigned magistrate judge to be resolved on the merits and will order a conditional, additional stay of removal to allow Mr. Avila Castillo an opportunity to renew his request for injunctive relief should the Ninth Circuit lift its automatic stay while this § 2241 case remains pending.

---

[1] Ninth Circuit General Order 6.4(c)(1) provides: "1. Temporary Stay: Upon the filing of an initial motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the Court."

**CONCLUSION AND ORDER**

For the reasons set forth above:

(1) The request for a temporary restraining order and preliminary injunction (Doc. 2) is **DENIED WITHOUT PREJUDICE.**

(2) This matter is referred to the assigned magistrate judge in accordance with Local Rule 302(b)(17).

(3) Should the Ninth Circuit lift its temporary, automatic stay of Mr. Avila Castillo's removal while this § 2241 action remains pending, the following additional order shall apply to preserve this Court's jurisdiction:

> To afford Mr. Avila Castillo an opportunity to re-notice his request for injunctive relief related to third country removal and permit the Court a modest period to resolve that motion, Respondent **SHALL NOT** remove Mr. Avila Castillo from the United States for an additional 30 days following the lifting of the automatic stay by the Ninth Circuit.

IT IS SO ORDERED.

Dated: **October 6, 2025**

UNITED STATES DISTRICT JUDGE